CLD-229 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1576
_____

CHRISTOPHER KENYATTA MOORE,
Appellant

v.

REGINA M. COYNE, ESQUIRE; DANIEL PAUL ALVA, ESQUIRE;
JEREMY EVAN ALVA, ESQUIRE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-18-cv-00299)
District Judge: Honorable Jeffrey L. Schmehl

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 7, 2018

Before: CHAGARES, GREENAWAY, JR. and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 27, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Christopher Moore appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the following reasons, we will summarily affirm.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

In January 2018, Moore filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania.  Moore alleged that three private attorneys "conspired" to deprive him of the opportunity to prove his innocence and raise ineffective assistance of counsel claims in a post-conviction petition.  Specifically, Moore claimed that his trial attorney, Defendant Coyne, gave Defendant Jeremy Alva his criminal case file (including trial transcripts) based on Jeremy Alva's false statement that he was representing Moore on his post-conviction petition.  Additionally, Moore alleged that Jeremy Alva is the son of Defendant Daniel Alva, who was representing Moore's "adverse" co-defendant and orchestrated the plan to take Moore's file.  Moore alleged that, as a result of the conspiracy, he was forced to file an inadequate post-conviction petition, which the state court dismissed as meritless.  The District Court dismissed Moore's complaint sua sponte for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and denied him leave to amend.  The District Court explained that Moore could not state a constitutional claim against the defendants because they are not state actors for purposes of § 1983.  Moore timely appealed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When considering whether to dismiss a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under Fed. R. Civ. P. 12(b)(6). When a complaint does not allege sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[W]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

We agree with the District Court that Moore's § 1983 complaint failed to state a claim for relief. A § 1983 action may be maintained only against a defendant who acts under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); see also Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (explaining that to state a claim under § 1983, a plaintiff "must establish that []he was deprived of a federal constitutional or statutory right by a state actor"). Private actors, such as the non-governmental defendants named here, can be said to act under color of state law only if their conduct is fairly attributable to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). We have held that private "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). The defendants in this case, private

3

attorneys, do not otherwise qualify as state actors.  See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Angelico, 184 F.3d at 277.  None of the conduct alleged in the complaint can be fairly attributed to the state for purposes of § 1983.  Thus, the District Court was correct in its conclusion that Moore's complaint failed to state a claim for relief.

III.

For the foregoing reasons, we will summarily affirm the District Court's judgment.[1]

---

[1] The District Court did not err in its decision to deny Moore leave to amend his complaint.  See Grayson v. Mayview State Hospital, 293 F.3d 103, 112-13 (3d Cir. 2002).